The last case on for argument today is Steinberg v. Elkman and Cuomo. Mr. Steinberg, glad you could be here with us. We have you noted as a late arrival, which doesn't count against you in any way, but do you want any time for rebuttal, which will be taken off your ten minutes? Perhaps a minute or two. One minute or two minutes? Maybe a couple of minutes, because I have no great intention to take substantially all of my time in the address itself. All right. So we'll give you two minutes of rebuttal, and you'll start with eight minutes now. Thank you. May it please the Court, I'm Jonathan Steinberg. I'm originally a member of the U.K. Bar, admitted to practice Pro Hac Vitae before this Court. And an important case concerning the petition for the right to redress grievances in district court against Mexico taking place in the state courts. It's an extremely unusual case, because there is no precedent for most of the allegations that I'm making, because there are very few corruption cases that arise before courts in the United States. Can I start out by saying that what happened in this case in the district court was that the judge, as I've set out in my brief, got the facts completely reversed in the allegations that were made between the parties. And what I'm saying is that when considering what the actual facts were, it is clear that in view of the corruption, there's an adequate pendant litigation taking place before the courts. Can I just clarify one thing? The lower court decided this case on what we call the Rooker-Feldman doctrine, correct? Yes. Part of it. But the state court did not determine ownership of the car. The state court did determine ownership of the car. I thought the state court dismissed the case on statute of limitations grounds. No, not at all. The state court dismissed the case on the grounds that there was no grounds for rescission of the contract. I'd applied in the state court to rescind the contract on the grounds that the defendant, Gerst, wouldn't give delivery of the vehicle because the contract was not so much a contract. It was more a swindle, as I've set out in my pleadings. The state court eventually said, no, you don't have any right to rescind the contract. So the contract is still good and valid. Under the contract, contrary to what Judge Swain said. Who did the state court say owned the car? The DB5. Who owned it according to the state court? I owned it according to the state court. The state court held that you owned it? Yes, there was a contract that said that Gerst sell the car to me. I tried to apply to the state court to rescind that contract. The rescission was denied. Which I believe is as close as it can be to getting to say that the state court has found that I own the car. Certainly no one else owned the car. I have the state court's opinion in front of me. The state court says the court cannot decide the fate of the DB5. So that's why I was under the impression. The only question which arose in the state court was whether I could rescind the contract. All the parties seemed to agree that the contract applied, and therefore the contract. So is your position that under the contract you owned the car, you couldn't get the contract rescinded in order to return the car and get your money back? Exactly, yes. All right, so that you went in owning the car and you came out owning the car because the state court could not decide? Firstly, sadly, yes. That was my position. That was my position at all times. Was that the state judge's position as you understand it? I can't say what the state judge's position was for the simple reason that I wasn't allowed to attend the hearing or address the court on what happened. Well, at least my point is that with Rooker-Feldman, for that doctrine to apply and to preclude you, we have to be put in the position of ruling on a particular finding by the state court. And there was no specific finding of ownership one way or the other. And therefore, since we would not be overturning or being challenging that particular finding, Rooker-Feldman would not apply it, which works to your advantage. I go further than that in my brief, Your Honor. What I say is that Rooker-Feldman doesn't apply for a number of reasons. It doesn't apply because of the fraud exclusion. It doesn't apply because I wasn't allowed to address the court on any of the legal issues. It doesn't apply because I wasn't allowed to address the court on any of the factual issues. It doesn't apply because of the illegality of the hearing itself. Did you appeal the state court decision? I tried to appeal the state court decision on two occasions. Firstly, the appeals court wouldn't hear me. It issued a series of one-line decisions, what I call in my brief Nazi-style decisions. How about the appellate division? That was the appellate division, yes. They wouldn't hear the appeal. Ultimately, I appealed. When they wouldn't hear my first appeal against all the facts, they denied me any hearing in the appellate division. I then appealed again. Wait, let's be clear. When you say they denied you a hearing, you didn't have oral argument. They just cited it on the papers. Yes, I tried to get oral argument. They wouldn't allow oral argument, and then they denied it. Yeah, no, I understand that. Then I applied to the appellate division again because I removed before Justice Cornrush. I had to move before Justice Cornrush under 50-25C, I think it is. I tried to reapply to Justice Cornrush to get her to recuse herself for having called an ex-party without notice hearing with my opponent to get rid of the case. Justice Cornrush then refused to give me a hearing in that matter. I applied to the appellate division on the grounds that I ought to have been able to recuse Justice Cornrush and bring the matter up before a fair and impartial judge. Again, the appellate division refused to take any of my arguments into account, any of them whatsoever. It refused to recognize them or rule them. It was as if the appellate division hadn't even bothered reading my papers. It simply said, in response to your question that you raised concerning whether Justice Cornrush should have recused herself, we say that where Mr. Gerst is holding a judgment in his hands, he's entitled to enforce the judgment. There was a complete, there was a total dislocation between my arguments and the ruling of the court. The court didn't rule on my arguments at all. And what I say is, throughout... Gave you an answer to a question you had not asserted an argument for. Yes, that's exactly what happened. They gave me an answer to the point raised, which was not by Mr. Michael, which wasn't actually relevant to the briefs at all. There was no question before the, in an appeal against the rescission, against the refusal to recuse, there was no question of whether the judgment ought to be enforced or not. The question was whether the judgment in itself was valid. And what I'm saying is that, insofar as there's a petition to redress grievances before the district court, I must be allowed to address those issues. But we have to decide what Rooker-Feldman says about what you are permitted to do in federal court. That's right. And what I say, what I say with regard to that is fully set out in my briefs, that where I'm given no application, no opportunity to argue the points in the state court, Rooker-Feldman can't apply. In addition, I say, of course, that this case, in theory, is primarily between myself and Elkman. For the theft and sale of the car, for the fraudulent conversion of the car, and the case in state court was between myself and Queens Import Motives. It wasn't between the Rooker-Feldman that can't apply to that matter at all. Unless there's anything else I can assist you on in my briefs, I think I've finished. Thank you very much. Well, you have reserved, at the outset you've reserved two minutes for rebuttal, so. Good morning, Your Honor. May it please the court, Robert Michael for the Gerst, Elkman, and myself, defendants. First, let me clear up the question of ownership of the parts of the car. It wasn't actually a car, it was pieces. The car was, as Mr. Steinberg said, at all times his until it was a subject of an auction by the sheriff's marshals pursuant to execution of the judgment that we had procured and was upheld by the appellate division for sanctions due to Mr. Steinberg's repeated and continuous, let's say, mendacity, creativity. I think there's an easy road to this decision. There are two easy roads. One is simply to affirm the Southern District's view of Rooker-Feldman as expressed by Judge Swain and affirm. The other is simply to look at the underlying causes of action that Mr. Steinberg purported to bring before the federal court as to our defendants, the Hobbs Act, the civil rights laws, and a variety of constitutional provisions. All of them patently do not apply to individual defendants. They either require color of law, state actor, use of force, none of which, even in his vast sweep of allegations, have been brought against us. Recognize that there is . . . On the Rooker-Feldman . . . Yes, sir. I was just going there. Okay. Well, the question is did the state court determine the issue of ownership, and if not, is it covered by Rooker-Feldman? The state court did not determine ownership. I believe it's covered by Rooker-Feldman because it is a necessary process as a result of the state court judgment and it's based on the state court proceeding to the extent that Mr. Steinberg wants to claim that the auction was not properly followed according to the New York CPLR. And, again, we were very careful and had it done by the sheriff's office. That is an action he could have brought under Article 78 or other process in New York State but chose not to do so. That does not bring up a federal question. But the argument is that the court necessarily decided ownership or it's more of a collateral estoppel res judicata. He could have brought up the issue and he didn't. So which is your argument? I think it's certainly collateral estoppel and lack of federal question. As to Rooker-Feldman, the question is whether it was inextricably intertwined with the state court decision. If it's simply a lack of federal question. If it was our choice, that's a remedy, Your Honor. If it's a lack of federal question, theoretically the district court could have exercised supplemental jurisdiction. And then the question is whether we remanded for the district court to decide whether to exercise supplemental jurisdiction. I would assume you don't want to remand. Why not? Well, first of all, to be supplemental jurisdiction has to be supplemental to something. And there's nothing that applies to us to be hung to. So it's refabricating a federal jurisdiction as to these defendants. My colleague will speak for the governor, obviously. Well, the Hobbs Act issue, whatever one thinks of it, is arguably jurisdiction under 1983 for violation of a federal statute. So federal jurisdiction. But you have to be a state actor for those to apply or act under color of law or use threat or violence to effect, under Hobbs Act, a state court remedy. Even Mr. Steinberg hasn't alleged we are any or did any of those. So to say a hypothetical federal jurisdiction and then create a state court supplemental jurisdiction based on a nonexistent federal jurisdiction I think is taking it one too far. Isn't a district court free when faced with federal and state claims to consider the state claim after dismissing the federal claim? Normally they don't. Very often they remand. Or they say that we're not going to exercise independent jurisdiction. But they can, can't they? I would think that my position, Your Honor, is that's unconstitutional. That unless there is a valid state court, a valid either diversity or federal question, the district court cannot sit over a state court action by itself. It has no subject matter jurisdiction. It was brought initially as a federal question, Hobbs Act. And they're federal questions and there also happens to be a related state question that's brought in. And can't the state court, after dismissing the federal claims, simply retain jurisdiction over the state claim? I don't believe they have. In order to decide it as a matter of judicial efficiency. I would think that would be a subject to challenge for lack of state or federal jurisdiction. The Constitution and the Full Faith and Credit Act and so on have made it clear that only the Supreme Court has jurisdiction over state matters. Well, there is such thing as supplemental jurisdiction. Supplemental to something, Your Honor. Correct. And something has at least been pleaded, at least in the view of this judge. My time is up, but let me just point out he originally brought it under diversity. And only then, after that was sua sponte, dismissed by the district court, did he then amend his complaint to add these other things. All right. So, I guess, summing this all up, and I'm going to ask the same of the state, although it certainly pertains to your client directly and not to the governor, but do you have any way that suggests or is there any way that you would argue to us that suggests that the district court essentially gave us, gives us, that there is an inference that the district court did decide ownership or that it essentially dismissed the issue at the end? I don't think the issue of ownership came up. I think the district court followed the precedent in the Southern District on its interpretation of Rooker-Feldman as the lack of a fraud exception and a broader scope than this court has in some of its decisions. And others, like in Brown v. Wells Fargo, in a similar situation, the court has ruled Rooker-Feldman. There are some cases where it hasn't. It's not challenging. If this suit isn't challenging a determination expressly made by the state court, then Rooker-Feldman wouldn't apply, right? I understand that this court has had decisions that would say that. Thank you. Mr. Michael? No, sorry, excuse me, Mr. Sean. Yes, I know you're Mr. Michael. I apologize. May it please the court, Mark Sean for the governor. With respect to the governor, the district court correctly held that plaintiff's action was brought against the governor in his official capacity and that the action against the governor as a whole was barred by sovereign immunity before the court ever got to the question of Rooker-Feldman. So no matter what the court decides on the Rooker-Feldman question, the action against the governor falls. With respect to the claims against the governor, though, we would note that Rooker-Feldman would apply because the plaintiff is complaining about what the court did. Whether or not the ultimate question of ownership is resolved, certainly with respect to the governor, there were adverse rulings against the plaintiff, particularly the sanctions order that the plaintiff is complaining about, and under those, the Rooker-Feldman bar would independently apply to some of the claims. But, as I say, the action against the governor as a whole is barred by sovereign immunity. Unless the court has any questions on that, we would simply ask that you affirm the dismissal as to the governor. Thank you. Mr. Steinberg, anything you would like to respond to? A couple of points, yes, Your Honor. Firstly, it was suggested at some stage in the argument by the court and by Mr. Michael that I had the right to bring the matter back to state court and re-argue matters or bring up fresh matters. What I would say to that is that because of what I call the corruption of states issuing two-word judgments, judgmentless decisions, and the state court judge refusing to hear me and hearing private conferences with my opponent without my being there, that was absolutely not a course that was open to me in any way, shape or form. There was no conceivable possibility of my bringing any fresh motion or any renewal of any motion or re-argument of any motion in front of Judge Cornrish once she'd called a private conference with my opponent and decided the case against me at that private conference. What possible chance could I have, as I put it out in my brief, what am I to do, call out my well-regulated militia? There was no way that I could possibly argue any case in front of Judge Cornrish once she'd held a private conference with my opponent. Once it had become obvious that she'd actually, in my respectful submission, it is my submission not presented as a fact, held a number of private conferences with my opponent in this case. My opponent, Mr. Michael, says that my case was originally brought under diversity jurisdiction. That's, of course, true. There is a clear diversity jurisdiction between myself and Mr. Elkman in the first part of the action, but there's no suggestion throughout the State Court judgment of any realistic interpretation of what Justice Swain said, that she was rejecting diversity jurisdiction as being non-existent. Mr. Michael had suggested that he could render a proper service improper by some action of the counsel for Mr. Elkman, but Justice Swain wasn't even making an adjudication on that point for reasons that I've set out in my brief. As far as what Mr. Shawn says is concerned, I've set out in my brief fully and completely some extremely, what I would suggest are unusual, propositions of law as to sovereign immunity. What I say is that all the cases show that sovereign immunity claims must fail. Sorry, attacks on sovereign immunity must fail when the attack is an attack on the legislative branch or the executive branch, but where it's an attack on the judicial branch, there's no suggestion that the claims must fail and that a corruption claim is exactly that sort of assault. Thank you. Thank you very much. Thank you, all three of you. We will reserve decision. The remaining case, United States v. Gill, we're taking on submission. I'll ask the clerk please to adjourn court. Court is adjourned.